IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

YANIQUE STEPHENSON, *et al.*,        )
          Plaintiffs,        )
                                )
      v.        )        Civil Action No. 3:25CV860 (RCY)
                                )
JACQUELINE SIMMONDS, *et al.*,        )
          Defendants.        )
                                )

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs' Motion to Dismiss Counterclaim (ECF No. 18). Because Defendants' attempted counterclaims are compulsory counterclaims filed following an Answer and without court authorization, the Court will grant the Motion to Dismiss, dismiss the purported counterclaims with prejudice, and strike Defendants' Rebuttal and Counterclaims filing for contravention of Federal Rule of Civil Procedure 13(a)(1).

**I. BACKGROUND**

In their five-count Complaint for unjust enrichment and violations of the Fair Labor Standards Act, the Virginia Wage Payment Act, the Virginia Minimum Wage Act, and the Virginia Overtime Wage Act, Plaintiffs Yanique and Kevin Stephenson seek relief to compensate them for allegedly unpaid labor and unreimbursed expenses that benefitted a struggling Fredericksburg restaurant, "Pimenta," and its owners, Jacqueline and Raymond Simmonds. Compl. ¶¶ 1–3, ECF No. 1. According to the Complaint, Plaintiffs worked for Defendants "with the expectation that the Simmondses would be selling Pimenta to them," but the Simmondses did not follow through on the sale and failed to compensate Plaintiffs for their labor and Pimenta-related expenses during the summer of 2025. Compl. ¶¶ 4–6.

Plaintiffs filed their Complaint on October 17, 2025.  ECF No. 1.  Defendants Jacqueline and Raymond Simmonds filed their Answer[1] to the Complaint on November 12, 2026.  ECF No. 14.  Within their Answer, Defendants requested an extension of seven calendar days from November 11, 2025, to submit a counterclaim to the Court.  *See* Answer at 1.  On November 17, 2026, the Court directed Defendants to file an appropriate motion setting forth the basis for their request for an extension of time.  Order, ECF No. 15.  Defendants did not file a motion seeking an extension but filed their Rebuttal and Counterclaim on November 20, 2025.  ECF No. 16.  On December 4, 2025, Plaintiffs filed their Motion to Dismiss Counterclaim ("Motion to Dismiss") and Memorandum in Support thereof.  ECF Nos. 18, 19.  On January 9, 2026, the Court issued a Roseboro Notice, instructing Defendants to file a response in opposition to the Motion to Dismiss within 21 days and advising them of the risk of dismissal of their counterclaim(s).  Defendants did not file a response.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 13 recognizes two types of counterclaims—permissive and compulsory.  Rule 13(a) requires the assertion of a compulsory counterclaim against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.  *Sue & Sam Mfg. Co. v. B-L-S Const. Co.,* 538 F.2d 1048, 1050 (4th Cir. 1976).  A compulsory counterclaim falling under Rule 13(a) "must be asserted as such or be forever barred."  *Am. Fidelity Fire Ins. Co. v. Hood*, 37 F.R.D. 17, 19 (E.D.S.C. 1965).  *See also A.C. ex rel. R.C. v. Henrico Cnty. Sch. Bd.*, 2022 WL 7610266, at *3 (E.D. Va. Oct. 13, 2022)

---

[1] Defendants "are aware that [Defendant Pimenta LLC] must retain a lawyer for defense[.]"  Answer 1.  The Court notes that this issue remains unresolved despite the fact that the case is now in the summary judgment stage of litigation, and Defendant Pimenta LLC is long in default with respect to the claims against it.

(explaining that compulsory counterclaims "must be brought with the original Answer," and those that are untimely "must be dismissed.").

Per the text of Rule 13, a compulsory counterclaim "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). The Fourth Circuit has suggested four inquiries to determine if a counterclaim is compulsory:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

*Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988) (citing *Sue*, 538 F.2d at 1051–53). The Court need not answer all these questions in the affirmative for the counterclaim to be compulsory. *Id.* The inquiries are "less a litmus, more of a guideline[,]" with an "underlying thread" of "evidentiary similarity." *Id.*

### III. DISCUSSION

Applying these criteria, the Court concludes that Defendants' counterclaims are compulsory. Defendants' counterclaims for breach of contract, conversion, tortious interference, and "economic damages / time & effort"[2] arise out of the same series of interactions as Plaintiffs' Fair Labor Standards Act and other state law claims. Both Plaintiffs' Complaint and Defendants' Rebuttal and Counterclaim filing describe a business relationship between the Parties in anticipation of the sale of the Pimenta restaurant. Compl. ¶ 4; Countercl. 1. Both filings further describe a Letter of Intent executed by the Parties and a period of time during the summer of 2025

---

[2] Plaintiffs point out in their Motion to Dismiss that "'economic damages/time & effort' is not a valid legal claim." Mem. Supp. Mot. Dismiss 3. The Court need not engage with this issue to find that Defendants' counterclaims are compulsory, untimely, and thus barred.

wherein Plaintiffs participated in the restaurant's business. Compl. ¶¶ 4, 10; Countercl. 1–3. Although the Parties disagree about the nature of the relationship—Plaintiffs aver they are properly classified as employees, Compl. ¶ 41, whereas Defendants insist Plaintiffs were engaged in a transition period to learn the restaurant's operations and prepare to assume ownership, Countercl. 2—their dispute arises out of the same occurrence, namely, the operation of restaurant Pimenta in the summer of 2025 pursuant to a signed Letter of Intent contemplating future sale of the business. Defendants' attempted counterclaims thus arise out of the same transaction or occurrence that is the subject matter of Plaintiffs' claims. *See* Fed. R. Civ. P. 13(a). Defendants' attempted counterclaims do not add any party, nonetheless one over which the Court cannot acquire jurisdiction. *See id.*

The Court is further assured of its finding that Defendants' attempted counterclaims are compulsory by the many overlapping issues of fact and law raised by the Complaint and the purported counterclaims including, were Plaintiffs employees of Defendants or Pimenta? Were Plaintiffs compensated? Was there an enforceable agreement between the Parties? Did either Plaintiffs or Defendants wrongfully benefit from the arrangement, and if so, at what cost? *See Painter*, 863 F.2d at 331. The same evidence, including the Letter of Intent, restaurant records, and the testimony of the Parties and other individuals affiliated with Pimenta would support (or refute) Plaintiffs' claims as well as Defendants' attempted counterclaims. *See id.*

Because Defendants' attempted counterclaims are compulsory counterclaims that were filed belatedly, without leave, and separately from Defendants' Answer, they were asserted improperly and must be dismissed. *See* Fed. R. Civ. P. 13(a)(1); *A.C. ex rel. R.C.*, 2022 WL 7610266, at *3.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court will grant the Motion to Dismiss Counterclaim. Defendants' counterclaims will be dismissed with prejudice, and their Rebuttal and Counterclaim filing will be stricken from the record.

As a courtesy and in anticipation of trial, the Court reminds Defendants Jacqueline and Raymond Simmonds that despite their *pro se* status, they are nevertheless obligated to abide by the Federal and Local Rules. *See* Pro Se Reference Handbook, United States District Court, E.D. Va. (rev'd Apr. 17, 2026), *available at* https://www.vaed.uscourts.gov/pro-se-litigant-information ("All litigants are expected to follow the rules that govern the practice of law in the Federal Courts and be familiar with the Federal Rules of Civil Procedure and the Local Rules of this Court."); *see also United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) ("[L]ike all other litigants, [*pro se* parties] must comply with substantive and procedural court[] rules." (citation omitted)).

An appropriate Order will follow.

_____ /s/ *RCY*
Roderick C. Young
United States District Judge

Date: <u>May 13, 2026</u>
Richmond, Virginia

5